UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80905-CIV-MARRA/JOHNSON

JESSICA KAMEL and LANCE KAMEL,

    Plaintiffs,

v.

KENCO/THE OAKS AT BOCA
RATON, LP,

    Defendant.
_____/

## OPINION AND ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Kenco/The Oaks at Boca Raton, LP's Motion to Dismiss Complaint (DE 6), filed January 10, 2008.  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

**Background**

Plaintiffs Jessica Kamel and Lance Kamel ("Plaintiffs") filed a six-count Complaint (DE 1) against Defendant Kenco/The Oaks at Boca Raton, LP ("Defendant") on October 1, 2007. Three counts are brought under federal law: Counts II and II both allege violations of the Interstate Land Sales Full Disclosure Act ("ILSA"),[1] while Count IV seeks a declaratory

---

[1] While citing different statutory provisions, the Court notes that the substance of Counts II and III is the same – that Defendant violated the ILSA by not providing a property report. Section 1703(a)(2) and § 1703(c) do not create separate causes of action, and the counts do not allege separate facts facts supporting two independent violations of the ILSA.  The Court will treat these counts together as asserting a single cause of action under the ILSA.

1

judgment that the contract Plaintiffs and Defendant executed is "illegal." The remaining three counts are brought under Florida law and allege breach of contract, constructive trust[2] or equitable lien, and a declaratory judgment that the contract Plaintiffs and Defendant executed violates the statute of frauds.

In its motion to dismiss, Defendant argues that the contract executed between the parties is exempt from ILSA's coverage, so Counts II, III, and IV should be dismissed as a matter of law. If the Court dismisses those counts, Defendant argues that the Court lacks subject matter jurisdiction over the remaining state law claims.

The facts, as alleged in the Complaint, are straightforward: Plaintiffs and Defendant contractually agreed to complete construction of a residence "within one year and 11 months" from the date of the agreement. (Compl. ¶ 12.) Defendant failed to complete construction within that time frame. (Compl. ¶ 13.) Defendant is allegedly subject to the requirements of ILSA because it markets its homes in interstate commerce, the home is a subdivision of a common plan or scheme, and the homes are sold by a single developer. (Compl. ¶¶ 17-19, 27-29.) Plaintiffs claim that Defendant is not exempt from the ILSA under 15 U.S.C. § 1702, so it was required to provide Plaintiffs with a "printed property report." (Compl. ¶ 21-22, 31-32.) Defendant's failure to provide the report, Plaintiffs allege, violates the ILSA and renders the contract void. (Compl ¶¶ 23-26.)

---

[2]"A constructive trust, however, is not a traditional cause of action; it is more accurately defined as an equitable remedy. . . . Because a constructive trust is a remedy, it must be imposed based upon an established cause of action." *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. Dist. Ct. App. 2005).

**Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to a state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001). In *Twombly*, the Supreme Court moved away from the *Conley v. Gibson* standard and held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**Discussion**

The ILSA "is an antifraud statute utilizing disclosure as its primary tool" to "protect purchasers from unscrupulous sales of undeveloped home sites." *Winter v. Hollingsworth Properties, Inc.*, 777 F.2d 1444, 1446-47 (11th Cir. 1985). Specifically, the ILSA prohibits any developer from making use of interstate commerce to sell or lease a property unless a statutorily

defined property report is furnished to the purchaser. 15 U.S.C. § 1703(a)(1)(B). However, sales of "improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a *contract obligating the seller or lessor to erect such a building thereon within a period of two years*" are exempt from the ILSA's coverage. 15 U.S.C. § 1702(a)(2) (emphasis added).

Federal law governs the interpretation of the ILSA, a federal statute. *Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176 (1942). The Department of Housing and Urban Development ("HUD") has provided some guidance as to the meaning of the word "obligate." In essence, "[t]he contract must not allow nonperformance by the seller at the seller's discretion." Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act, 61 Fed. Reg. 13596, 13603 (Mar. 27, 1996) [hereinafter, Guidelines]. The Guidelines also state that "[c]ontract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are acceptable if such provisions are legally recognized as defenses to contract actions in the jurisdiction where the building is being erected." Specifically, the Guidelines state that "time extensions for events or occurrences such as acts of God, casualty losses or material shortages are generally permissible." *Id.*

While the HUD Guidelines are to be given "great deference," *Winter*, 777 F.2d at 1448, whether a contract "obliges" the seller to erect a building within two years is ultimately a question of state contract law. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 105 (3d Cir. 1990); Guidelines, 61 Fed. Reg. at 13603. In addressing the ILSA, the Florida Supreme Court has stated that "the obligation must be unrestricted and the contract must not limit the purchaser's right to seek specific performance *or* damages." *Samara Development Corp. v.*

4

*Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

In the contract at issue, Plaintiff does not allege that the remedies available under the contract are restricted. The contract plainly states that, if the seller defaults, the buyer may receive a refund of any deposits paid, may sue for specific performance, or may sue for any other remedy available in law or equity. (Compl. Ex. A. ¶ 13.) Thus, the contract does not limit the purchaser's remedial rights.

Instead, the dispute focuses squarely on one sentence of the contract:

> Seller does, however, agree to substantially complete construction of the Home in the manner specified in this Agreement by a date no later than one (1) year and eleven (11) months from the date Buyer and Seller execute this Agreement, subject however, to delays caused by Buyer or acts of God, the unavailability of materials, strikes, other labor problems, governmental orders, or other events which would support a defense based upon impossibility of performance for reasons beyond Seller's control.

(Compl. Ex. A ¶ 7.) Plaintiff claims that the conditions on Defendant's obligation to complete construction for acts of God, material shortages, and labor problems render the "obligation" illusory. If the obligation is illusory, then the ILSA applies. If the obligation is "unrestricted," as defined by Florida law, then the contract is exempt from the ILSA.

In Florida, the doctrine of impossibility of performance "refers to those factual situations, too numerous to catalog, where the purposes, for which the contract was made, have, on one side, become impossible to perform." *Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. Dist. Ct. App. 1965). If performance of the contract becomes impossible after it is executed, or if knowledge of the facts rendering performance impossible could have been contemplated by the parties *ex ante,* the defense is unavailable. *Shore Investment Co. v. Hotel Trinidad, Inc.*, 29 So. 2d 696, 697 (Fla. 1947). As evidenced by the *Crown Ice* explanation

5

of impossibility of performance, the Florida courts do not limit the defense to specific categories of facts. Provided the "relevant business risk was [not] foreseeable at the inception of the agreement and could [not] have been the subject of an express contractual agreement," a defendant may assert the defense of impossibility of performance in a breach of contract action. *Home Design Center–Joint Venture v. County Appliances of Naples, Inc.*, 563 So. 2d 767, 769 (Fla. Dist. Ct. App. 1990). The defense is less rigid than its name suggests, as the "doctrine is not limited to strict impossibility, but includes 'impracticability' due to unreasonable expense." *Hopfenspringer v. West*, 949 So. 2d 1050, 1054 (Fla. Dist. Ct. App. 2006). As these cases demonstrate, application of the defense of impossibility of performance is a fact-specific inquiry.

Plaintiffs argues that "Florida law does not recognize inability to obtain materials, strikes, other labor problems, and government acts as a basis to excuse performance under the two year obligation to construct exemption." (Pl. Resp. 3.) Plaintiffs cite *Fortunato v. Windjammer Homebuilders, Inc.,* No. 04-CV-165-T-26MSS, 2006 WL 208777 at *3 (M.D. Fla. Jan 25, 2006). However, *Fortunato* does not unequivocally support this proposition. Noting that with respect to the obligation to build the dwelling within two years the contract included conditions based on availability of labor and supplies, the court stated that it "must err on the side of finding that the requirements for this exemption have not been set forth sufficiently to mandate its application at the summary judgment stage." *Id.* This statement is not tantamount to a conclusion as a matter of law that labor and supply shortages cannot constitute impossibility of performance.

Plaintiffs also cite an unpublished opinion from the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, *G.L. Homes of Lake Charleston Associates, Ltd., v. Arbid*, No. AP 95-3496 AY (Fla. Cir. Ct. Aug. 12, 1996). In *Arbid*, the court

held that "labor and material shortages categorically do not give rise to the defense of impossibility or frustration of purpose." *Id.* at 4.  However, the opinion is internally inconsistent, because the court also stated that "the applicability of the doctrines of impossibility of performance and frustration of purpose is to be evaluated on a case-by-case basis." *Id.*  Further, the *Arbid* court cited only one case applying Florida law where the court limited the application of impossibility of performance to acts of God.  *See Enid Corp. v. Mills*, 101 So. 2d 906 (Fla. Dist. Ct. App. 1958).  Nevertheless, subsequent cases from Florida's District Courts of Appeals demonstrate that application of the doctrine of impossibility of performance is a fact-specific inquiry that is not limited in scope to acts of God and rare acts of government.  *See, e.g., Walter T. Embry, Inc. v. LaSalle National Bank*, 792 So. 2d 567, 570 (Fla. Dist. Ct. App. 2001).  The Court respectfully disagrees with the analysis of the *Arbid* court[3] and declines to follow its holding.

The Court notes that, after listing the conditions that might excuse Defendant's obligation to complete construction in one year and eleven months, the contract states "or other events which would support a defense based on impossibility of performance." (Compl. Ex. A ¶ 7.) The addition of this clause suggests that the only condition Defendant has placed on its obligation to complete construction is that of impossibility.  By listing specific items, like labor and material shortages, the contract is not expanding the definition of impossibility of performance; instead, the contract is merely citing factual circumstances that *could* give rise to the defense of impossibility of performance.  Since impossibility of performance is not limited to

---

[3]The undersigned confesses that he was on the panel of judges that issued the ruling in *Arbid*.  Twelve years of reflection, however, have shown the undersigned the error in this prior reasoning.

any particular categories of events, the items listed in Paragraph 7 are mere examples of situations where Defendant might attempt to assert the defense.  If Defendant asserted the defense of impossibility of performance in a breach of contract action, the court would have to make a factual inquiry as to whether, for instance, a labor shortage was reasonably foreseeable at the time of the contract's inception.  Defendant could assert the defense of impossibility of performance regardless of whether Paragraph 7 had been included in the contract.  Including specific factual situations in the contractual language does not expand or contract any remedy that Defendant would not otherwise have at law.

In sum, Paragraph 7 of the contract between Plaintiff and Defendant only conditions completion of construction on the potential defense of impossibility of performance.  Since this defense is available under Florida law without express reservation in the contract language, the Court concludes that Defendant's obligation to complete construction within one year and eleven months was unconditional.[4]  As such, the contract is exempt from the ILSA's coverage, and Counts II, II, and IV must be dismissed.

Additionally, because all federal claims will be dismissed, the Court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise jurisdiction over the remaining state law claims.

---

[4]Plaintiff also argues that "the contract is also not exempt because paragraph 35 of the contract allows the seller to cancel the contract if the property is destroyed during the construction period." (Pl. Resp. 4.)  Plaintiff does not include this allegation in the Complaint, so the Court may not consider it in response to the motion to dismiss.  However, paragraph 35 does not render the obligation to complete the building in one year and eleven months illusory.  Cancellation of the contract under paragraph 35 could only be effected after an event giving rise to impossibility of performance or frustration of purpose under paragraph 7.  If Defendant were able to cancel the contract, then Defendant would also be released from the time constraint.  Thus, even under paragraph 35, Defendant was "unconditionally" obligated to construct the dwelling within one year and eleven months.

8

The Eleventh Circuit has held that "if the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* [383 U.S. 715 (1966)] strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984). Because this case is still in the earliest stages, the Court believes that the state law questions are more appropriately handled by a state court. Thus, the Court declines to exercise supplemental jurisdiction over these claims, and Counts I, V, and VI will be dismissed.

**Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 6) is **GRANTED**. Counts II, III, and IV of the Complaint (DE 1) are **DISMISSED WITH PREJUDICE**. Counts I, V, and VI are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. Any pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of May, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record