UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80905-CIV-MARRA/JOHNSON

JESSICA KAMEL and LANCE KAMEL,

    Plaintiffs,

v.

KENCO/THE OAKS AT BOCA
RATON, LP,

    Defendant.
_____/

## OPINION AND ORDER ON MOTION FOR ATTORNEYS' FEES

THIS CAUSE comes before the Court on Defendant's Verified Motion for Attorney's Fees (DE 30), filed June 27, 2008. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

**Background**

On October 7, 2007, Plaintiffs Jessica Kamel and Lance Kamel ("Plaintiffs") filed their six-count Complaint against Defendant Kenco/The Oaks at Boca Raton, LP ("Defendant"), asserting state law claims and claims under the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq*. The Court subsequently granted Defendant's motion to dismiss on May 29, 2008. (*See* DE 20.) The Court dismissed the counts under the ILSA with prejudice for failure to state a claim, and the Court dismissed the remaining state law counts without prejudice for lack of subject matter jurisdiction. Defendant now moves for attorney's fees, under both the contract between the parties and 15 U.S.C. § 1709(c).

1

**Discussion**

Defendant is correct that its entitlement to attorney's fees is not waived by its failure to demand attorney's fees in its motion to dismiss. In diversity cases, the Court applies state substantive law but federal procedural law. *See, e.g., National Distillers and Chemical Corp. v. Brad's Machine Products, Inc.*, 666 F.2d 492, 494-95 (11th Cir. 1982). Rule 54(c) of the Federal Rules of Civil Procedure states that the Court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Florida rules regarding pleading of claims for attorney's fees are procedural and are not binding on this Court. *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000). In *Capital Asset*, the Eleventh Circuit Court of Appeals upheld an award of attorney's fees to the prevailing party in spite of the fact that no demand for attorney's fees had previously been made in that party's pleadings or motions. *Id.* In that case, the court held that it had jurisdiction to consider the prevailing party's demand for fees and that an award could be made, pleading deficits notwithstanding. *Id.*; *see also Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1242 (5th Cir. 1984). Thus, Defendant's failure to seek attorney's fees in its motion to dismiss is irrelevant.[1]

Nevertheless, the Court agrees with Plaintiffs that fees cannot be granted to Defendant under 15 U.S.C. § 1709(c). That subsection states that "interest, court costs, and reasonable amounts for attorneys' fees" may be recovered "in a suit authorized by this section." *Id.* Section

---

[1]The Court respectfully disagrees with the analysis presented in *In re Full Gospel Assembly of Delray Beach*, No. 05-23067-BKC-JKO, 2007 WL 2082975 at *3 (S.D. Fla. July 18, 2007). In that case, the court determined that it is "a substantive determination that a party against whom attorneys' fees are sought is entitled to notice that such a claim will be made." *Id.* That court, however, did not consider the Eleventh Circuit's holding in *Capital Asset*, which is binding on this Court.

1709(a) authorizes a "purchaser or lessee" to "bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title." 15 U.S.C. § 1709(a). When interpreting the text of a statute, the Court begins with the plain meaning of the text. *In re Hedrick*, 524 F.3d 1175, 1186 (11th Cir. 2008). If the plain meaning of a statute is clear, the Court should not deviate from that interpretation. *Id.* Section 1709(a) indicates actions that may be taken by a "purchaser or lessee." Section 1709(c) then states that the court may also allow an individual, who brings an action under the ILSA, to recover attorneys' fees in addition to other forms of relief. Had Congress intended to award attorneys' fees to the "prevailing party" as Defendant advocates, Congress would simply have said so. *See, e.g.,* 15 U.S.C. § 1129(2); 17 U.S.C. 1323(d); 29 U.S.C. § 1451(e); 42 U.S.C. § 1988(b).

Generally speaking, each party in a lawsuit bears its own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). In this case, however, the parties contracted ex ante and agreed that "[i]n any suit or other proceeding brought by either Buyer or Seller, the prevailing party will be entitled to recover reasonable attorneys' fees, reasonable costs and expenses actually incurred by the prevailing party in such suit or proceeding." (Compl. Ex. A at 7.) Under Florida law, which governs the interpretation of this contract,[2] attorneys' fees may also be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery. *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees – such provisions are mandatory. *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005).

---

[2]The contract states plainly as follows: "This Agreement will be governed by the laws of the State of Florida." (Compl. Ex. A at 7.)

Florida courts apply the definition of "prevailing party" applied by the United States Supreme Court: a party is a "prevailing party" if that party succeeds on "any significant issue" in the litigation which "achieves some of the benefit the parties sought." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 809-10 (Fla. 1992). Further, under Florida law, a party need not succeed on the merits to be considered a "prevailing party." Instead, dismissal of a plaintiff's action on jurisdictional grounds is sufficient to entitle the defendant to "prevailing party" status. *See, e.g., Arango v. United Automobile Ins. Co.*, 901 So. 2d 320, 321-22 (Fla. Dist. Ct. App. 2005); *cf. Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) ("A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party."). *See also Dept. of Health and Rehabilitative Services v. Hall*, 409 So. 2d 193, 195 (Fla. Dist. Ct. App. 1982) (collecting cases). In this case, Defendant succeeded in having two counts dismissed on the merits with prejudice. The fact that the Court did not reach the merits of the remaining claims and dismissed them on jurisdictional grounds does not mean that Defendant cannot qualify for "prevailing party" status.

Furthermore, the contractual provision regarding attorneys' fees was not limited in scope to breach of contract claims. It applies to "any suit or proceeding brought by either buyer or seller." (Compl. Ex. A at 7.) Finally, Plaintiffs argue that the Court cannot make a "prevailing party" determination until Plaintiffs have exhausted their appellate rights or receive a hearing in state court. This argument fails. Plaintiffs cite no cases to support this argument. Moreover, the "prevailing party" is the party "determined by the *trial court* to have prevailed on significant issues in the litigation." *Zhang v. D.B.R. Asset Management, Inc.*, 878 So. 2d 386, 387 (Fla.

Dist. Ct. App. 2004) (emphasis added). The Court need not wait to determine prevailing party status until the Court of Appeals has reached a decision regarding the merits of Plaintiffs appeal. Defendant was the prevailing party in this case, and under the terms of the contract between the parties, Defendant is entitled to attorneys' fees.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Attorneys' Fees (DE 23) is **GRANTED** with respect to entitlement to attorneys' fees. The Court reserves judgment at this time on the amount due to Defendant under this ruling.

2. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned case is hereby **REFERRED** to United States Magistrate Judge Linnea R. Johnson for a report and recommendation on the exact amount of attorneys' fees due to Defendant under this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th August, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to: all counsel of record